**Gary D. OAKES, Appellant,**

v.

**Cesar H. GUERRA et ux., Appellees.**

**No. 9088.**

Court of Civil Appeals of Texas, Amarillo.

July 31, 1980.

Rehearing Denied Aug. 26, 1980.

Templeton & Garner, John T. Smithee, Amarillo, for appellant.

Gibson, Ochsner & Adkins, Jeffrey S. Baird, Amarillo, for appellees.

COUNTISS, Justice.

This is a suit under the Deceptive Trade Practices-Consumer Protection Act, §§ 17.-41, et seq., Tex.Bus. & Com.Code Ann. (Vernon Supp.1980).[1] This appeal presents questions concerning admissibility of evidence, applicability of the Act to the facts of this case, and the propriety of various special issues. We have concluded that certain damage evidence was erroneously admitted, necessitating a reversal of the judgment and remand for new trial.

In September, 1976, appellant Gary D. Oakes (hereafter "Mr. Oakes") was offering his residence in Potter County, Texas, for sale through a real estate agent. Appellees Cesar H. Guerra (hereafter "Dr. Guerra") and his wife Elsa Guerra visited the home as potential purchasers in the company of the realtor and Mr. Oakes. During the visit, Dr. Guerra testified he asked Mr.

---

1. References hereafter to "the Act" and to §§ 17.46 and 17.50 are to the Deceptive Trade Practices-Consumer Protection Act, §§ 17.41, et seq., Tex.Bus. & Com.Code Ann. (Vernon Supp. 1980).

Oakes "if the sewer and plumbing were working properly" and Mr. Oakes responded, "Everything is working fine."

Soon after the visit, Dr. and Mrs. Guerra purchased the house. Immediately after they moved into the house, they began to have problems with the plumbing and sewer system and incurred considerable expense over a number of months in repairing the system. They also had problems with the sprinkler system, which Mr. Oakes had agreed to place "in working order" and incurred expenses in that regard.

Dr. and Mrs. Guerra sued Mr. Oakes, alleging numerous violations of the Deceptive Trade Practices Act. In response to the first four special issues, the jury found (1) Oakes represented as a fact to Guerra that the plumbing system was in good working condition; (2) such representation became a part of the basis of Guerra's agreement to purchase the house for $118,-000; (3) the plumbing system failed to comply with such representation of fact and (4) Guerra was adversely affected by the failure. The jury failed to find various other facts Dr. Guerra had alleged, including alleged defects in the sprinkler system. The jury then found damages of $3,500. The parties by stipulation reduced the damage award to $3,200 and the trial court, relying on § 17.50(b) as it read at the time of trial, entered judgment for treble that sum against Mr. Oakes.

Mr. Oakes presents eleven points of error in this court. We will first consider point seven, which urges error in the admission into evidence of an exhibit establishing a $1,577.34 expenditure by Dr. Guerra to a sewer service company. Mr. Oakes contends there is no evidence of the reasonableness of, or necessity for, the expenditure.

Insofar as we can ascertain from the record before us, Dr. Guerra presented evidence of approximately $4,300 in repair costs related to the plumbing system. The $1,577.34 expenditure was the largest single expenditure for that purpose. After the exhibit evidencing the sewer service bill was identified by Dr. Guerra, it was offered into evidence. Mr. Oakes' counsel stated he

had no objection to the exhibit as a bill that Dr. Guerra received and paid. Counsel stated, however, "Your Honor, you do understand we are not agreeing those are reasonable charges for services rendered, but he did pay the bills."

There was no evidence, then or later, concerning the reasonableness of the bill. After the evidence was closed, Mr. Oakes' counsel moved the trial court to exclude the bill from evidence and instruct the jury not to consider it because of the absence of evidence that the charges were reasonable or necessary. The motion was overruled.

■ Recovery of expenses or the cost of repairs in a Deceptive Trade Practices Act case is governed by the same evidentiary requirements applicable to other cases where such damage is recoverable. It will not suffice to simply establish the amount paid. There must also be evidence of the reasonableness of and necessity for the expense or cost. *Royal Globe Ins. Co. v. Bar Consultants*, 577 S.W.2d 688, 694 (Tex.1979); *Woo v. Great Southwestern Acceptance Corp.*, 565 S.W.2d 290, 298 (Tex.Civ.App.—Waco 1978, writ ref'd n. r. e.).

■ There is no evidence in this case that the $1,577.34 expenditure was a reasonable expense for the services performed. Absent such evidence, the jury should not have been allowed to consider the expenditure in assessing damages. Point of error seven must be sustained and the case reversed and remanded for new trial.

Mr. Oakes' sixth point of error attacks the wording of the damage issue. The trial court included two separate areas of damage—the plumbing and the sprinkler system—in one issue. The issue read as follows:

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Plaintiffs, Dr. and Mrs. GUERRA, for their damages, if any, which you find from a preponderance of the evidence, resulted from the representations, words, conduct, breach of warranty, and failures of OAKES, if any you have so found?

You shall consider in connection with the foregoing Special Issue only the cost of repairs to the plumbing system and sprinkler system.

Answer in dollars and cents, if any.

ANSWER: __$3500.00__

■ Dr. Guerra responds that the complaint concerning this issue was not properly preserved in the trial court. It is not necessary for us to decide this point since the case must be remanded for new trial. Where, however, there are different areas of damage, based on disparate legal theories and evidence, the damage issues and accompanying instructions should be drawn in a manner that will permit the jury to make separate awards and the court to ascertain the area of damage to which the award relates.

By other points of error, Mr. Oakes asserts matters that, if valid, would require a rendition or that may be in dispute on any re-trial of this case. We will, therefore, consider those points. By points one and two, Mr. Oakes asserts that the conversation between Oakes and Guerra concerning the plumbing system was inadmissible under the parol evidence rule.

The parties executed a sales contract for the house. The contract contained a merger clause stating that the contract was the entire agreement between the parties and there "are no other agreements, oral or written, and this contract can be amended only by written agreement signed by both parties hereto." Mr. Oakes contends the existence of the written contract and specifically the merger clause therein makes the parol evidence rule applicable, thus barring the admission into evidence of the pre-contract discussion between the parties concerning the plumbing system.

■ This suit, in its present posture, is not based on the written contract between the parties or an alleged breach of the contract. It is based on a representation made by Mr. Oakes, prior to the execution of the contract, that Dr. Guerra contends was a deceptive trade practice. Thus, the parol evidence rule is not applicable. *Cf.*

*Am. Tr. & Storage Co. v. Brown*, 584 S.W.2d 284, 290 (Tex.Civ.App.—Dallas), *rev'd on other grounds*, 23 Tex.Sup.Ct.J. 426 (June 21, 1980).

■ In addition, Dr. Guerra plead, and facts found by the jury establish, a false misleading or deceptive practice under § 17.46(b)(7). As stated in *United Postage Corp. v. Kammeyer*, 581 S.W.2d 716, 721 (Tex.Civ.App.—Dallas 1979, no writ): "We have no parol evidence problem here because evidence extrinsic to the written agreement is admissible to show false, misleading or deceptive practices as it is to show fraud." *See Santos v. Mid-Continent Refrigerator Co.*, 471 S.W.2d 568 (Tex.1971). Points of error one and two are overruled.

■ By point of error three, Mr. Oakes contends special issues 1 through 4 are without evidentiary support. Special issue no. 1, which required a "yes" answer in order to reach issues 2, 3, and 4, inquired whether there was a representation that the plumbing system was in "good working condition." Mr. Oakes says there is no evidence that Oakes ever said the plumbing was in "good working condition."

In reviewing the evidence we find that Mr. Oakes testified, relative to the plumbing, as follows:

Q. You also told him it was in working order, right?

A. I guess so. I lived there eight months.

  *     *     *     *     *     *

Q. Do you also claim you knew of no problems at the time you told the Guerras that the plumbing was in good condition and working order?

A. Yes.

Dr. Guerra testified Oakes said, "Everything is working fine." After reviewing the evidence in accordance with the proper legal sufficiency standard, we find no error in the wording of special issue no. 1. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). Point of error three is overruled.

■ By point of error four, Mr. Oakes contends the statement "Everything is working fine" was only an "opinion, judg-

ment, expectation, or belief" and could not, as a matter of law, be a warranty or representation. In *Woods v. Littleton*, 554 S.W.2d 662, 666 n. 6 (Tex.1977) the Supreme Court noted that a statement that repairs to a sewer system placed it in good working order when in fact they did not, was a violation of § 17.46(b)(13). Likewise, a statement that the plumbing is working fine when it is not can be a deceptive trade practice. The fourth point of error is overruled.

By points of error eight and nine, Mr. Oakes contends the facts found by the jury do not support any theory of recovery under the Deceptive Trade Practices Act. Thus, any assessment of damages, against him, particularly treble damages, is unconstitutional. As we have stated above, the findings of the jury will support a theory of recovery based on § 17.46(b)(7) of the Act. As such, treble damages under § 17.50 were mandatory when this case was tried. *Woods v. Littleton*, 554 S.W.2d 662 (Tex. 1977). Points eight and nine are overruled.

It is not necessary for us to consider Mr. Oakes' remaining points of error. Points five, ten and eleven pertain to the wording of or failure to submit certain other special issues. Since those matters depend upon the state of the pleadings and evidence at the conclusion of the trial, and since the points, if valid, would require only a remand, which we have already concluded is necessary, it would serve no purpose for us to comment on them at this time.

The judgment of the trial court is reversed and the case is remanded for new trial.