**GREAT AMERICAN HOMEBUILDERS, INC. & Joseph Fogarty, Appellants,**

v.

**Celeste GERHART, Appellee.**

**No. 01–85–0252–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 30, 1986.

Rehearing Denied March 20, 1986.

Scott Ramsey, Harry N. Monck, Scott Ramsey & Associates, Houston, for appellants.

Stephen J. Cavanaugh, Cavanaugh, Fay & Gillespie, Bellaire, for appellee.

Before EVANS, C.J., and JACK SMITH and WARREN, JJ.

OPINION

JACK SMITH, Justice.

This is a Deceptive Trade Practices Act (DTPA) suit in which the appellee alleged that the appellants failed to build the appellee's home in a workmanlike manner and refused to cure certain deficiencies.

The appellee alleged that the appellant, Great American Homebuilders, Inc. (GAH) was a sham corporation and that the appellant, Joseph Fogarty, president of GAH, had made representations to the appellee in his individual capacity and should be held personally liable for the losses she sustained.

After a non-jury trial, the court entered judgment against the appellants and awarded the appellee damages of $3,547.00, plus $2,000.00 under the DTPA treble damages provision, and attorney's fees. The court's judgment also denied any relief to the appellee against three other individual defendants who had been involved with the corporation.

In August of 1980, the appellee entered into an earnest money contract with GAH for the purchase of a home. An addendum was attached to the contract which provided that certain repairs, changes, or additions were to be made prior to the closing date; however, the work was not completed. In addition thereto, after the appellee moved into her home, other defects were

discovered. Numerous phone calls and personal conversations between the appellee and Fogarty occurred. In several of these conversations, Fogarty gave his personal assurance that he would take care of these matters. These contacts between the appellee and Fogarty continued until Fogarty would no longer return her phone calls.

In their first four points of error, the appellants complain of the trial court's finding that GAH was a sham corporation and that Fogarty was individually liable for the damages sustained by the appellee. They allege that there was no evidence and insufficient evidence to support these findings.

In reviewing no evidence contentions, an appellate court must only consider the evidence and inferences that tend to support the findings and disregard any evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). In reviewing a factual insufficiency point, however, the court must consider and weigh all of the evidence. *In re King's Estate*, 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (1951).

Generally, courts will not disregard the corporate fiction and hold an individual officer, director, or stockholder liable for a corporation's obligations except where it appears that the individual is using the corporate entity as a sham to perpetrate a fraud, to avoid personal liability, to avoid the effect of a statute, or in a few other exceptional situations. *Torregrossa v. Szelc*, 603 S.W.2d 803, 804 (Tex.1980).

The evidence concerning whether GAH was a sham corporation is meager. The record shows that GAH was incorporated on July 9, 1976; however, when it ceased to operate is disputed. Fogarty's affidavit, in response to a request for production, stated that GAH became inactive in 1978 and that its charter was revoked in 1979 for its failure to pay franchise taxes. At trial, he stated that all the corporate records had been lost and that his affidavit was based upon his ability to recall facts which were proven later to be incorrect. He stated

that the true facts were that the corporate charter was forfeited in 1981. Fogarty's testimony was buttressed by the fact that a letter from the Texas Secretary of State was admitted into evidence which showed that GAH's charter was forfeited on March 16, 1981. However, the letter also stated that GAH's "RTDS" was forfeited on September 15, 1980. There is nothing in the record that explains what "RTDS" represents.

Fogarty also testified that GAH kept corporate minutes, maintained its own bank account, filed its own tax returns, employed its own attorney and C.P.A., and was engaged in the development, construction, and sale of residential homes. He further testified that he was president of GAH and signed the earnest money contract involved in the instant lawsuit in that capacity.

■■■ In the instant case, there is no evidence that Fogarty was attempting to use GAH to avoid liability for any of the reasons set forth in *Torregrossa*. We agree with the appellants that there is insufficient evidence to support the trial court's finding that GAH was a sham corporation.

On the other hand, there is evidence in the record that Fogarty gave his personal assurances to the appellee that the deficiencies would be repaired. The appellee testified that on one occasion when she was complaining about door frames to Fogarty he told her that "times are tough and I'll get over there and I'll get it resolved." On another occasion, when she was complaining about her yard and the drainage situation at her home, she said he told her that, "he'd get some guys over there and put some dirt down to try to level it off—so the garage wouldn't leak so badly." On still a third occasion, when she was complaining to Fogarty about painting and other matters, he said, "he'd get somebody over there one of these days and finish up the paint."

■■■ It is well settled law in Texas that a corporate agent who knowingly partici-

pates in a tortious or fraudulent act may be held individually liable, even though he performed an act as agent for the corporation. *Kinkler v. Jurica,* 84 Tex. 116, 19 S.W. 259 (1892); *Seale v. Baker,* 70 Tex. 283, 7 S.W. 742 (1888); *Barclay v. Johnson,* 686 S.W.2d 334, 336 (Tex.App.—Houston [1st Dist.] 1985, no writ). Furthermore, when an agent of a corporation makes a misrepresentation, proof of fraud, trickery, artifice, or device is not required under the DTPA. Tex.Bus. & Com.Code Ann. sec. 17.46(b)(7) (Vernon Supp.1986). Proof of intent is not necessary, the representation itself is deemed to be a deceptive act. *Weitzel v. Barnes,* 691 S.W.2d 598, 600 (Tex.1985).

■ In the instant case, Fogarty's continuous personal assurances that the work would be done, when followed by his failure to do the work or have it done, is evidence from which the trial court could have reasonably concluded that the representations by Fogarty were actually all misrepresentations. We hold that there is sufficient evidence to support the trial court's holding that Joe Fogarty was personally liable for the damages sustained by the appellee.

Although the appellants contend that the appellee's pleadings and the court's findings of fact do not support the court's judgment, we disagree. The appellee's petition alleged violations of the DTPA by GAH, Fogarty, and other individual stockholders and directors. The court found that Fogarty was notified of the defects in the appellee's home and that he, in his individual capacity, would repair, correct and cure the defects. The court found that the defects were not repaired or cured.

■ Although the appellee's pleadings were general in some respects, no special exceptions were made by the appellants. We hold that the appellee's pleadings stated a cause of action against Fogarty in his individual capacity and that the court's findings of fact support its judgment.

The appellants' first, third, and fourth points are overruled, and their second point of error is sustained.

In their fifth and sixth points of error, the appellants allege that there was no evidence or insufficient evidence that they received the proper notice required under the DTPA. We find no merit to these contentions.

■ The appellee's petition alleged that she had given the appellants notice. The appellee's attorney testified that he had sent the notice letters required by the DTPA and that the "green cards" were returned to him. The appellants did not object to this testimony and chose not to cross-examine the witness on this point. A party who has the means and opportunity to disprove testimony, if it is not true, and fails to do so, is bound by the testimony. *Walker v. Ross,* 548 S.W.2d 447, 453 (Tex. Civ.App.—Fort Worth), *writ ref'd n.r.e. per curiam,* 554 S.W.2d 189 (Tex.1977). The appellants' fifth and sixth points of error are overruled.

In their final point of error, the appellants allege that there was insufficient evidence to show that the damages sustained by the appellee amounted to $3,547.00. They also maintain that there was insufficient proof to show that the repairs were reasonable and necessary.

In its findings of fact, the court found that the sum of $3,547.00, if now paid in cash, would fairly and reasonably compensate the appellee for the defects in her home. The court did not set forth how it arrived at this figure. There is nothing in our record to show that the appellants objected to the findings of fact or asked for further findings of fact.

We have reviewed the record and find that the appellee testified to $3,380.00 damages. The testimony of Fogarty was that a reasonable price for the damages would be $955.00.

■ The appellee's testimony, regarding the necessity for the repairs, was that the doors leaked and as a result of that leakage, her carpets were ruined and the floor

was rotting. She testified that the windows leaked and needed to be repaired and as a result of the leakage from the windows, her draperies were ruined. She also testified that the hot water heater would not furnish hot water, that some of the painting had not been finished, and that other painting was required because of the leakage of the windows. The fact that the doors and windows leak and that a new hot water heater that will not heat water are self-evident of necessity. The appellee also introduced photographs into evidence to corroborate her testimony concerning the damage to the carpeting, painting, drapes, doors and windows. We are of the opinion that the appellee introduced sufficient evidence to show the necessity for the repairs.

The appellee's evidence, concerning the reasonableness of the cost of repairs, consisted of her opinion. She testified that she had been a retail major in college and had worked as a sales person in oil field valve sales and two retail stores. She stated that she had been a buying and selling assistant at one of the stores. She also testified that she had obtained three estimates on one repair job, four estimates on another repair job, and as many as six estimates on other work. She stated that on the plumbing repairs to the hot water heater she used the same plumber that the appellants had used in installing the hot water heater. All of the repairs had not been made by time of trial because the appellee did not have sufficient funds to do so; however, she stated that on the work which had been completed she accepted the low estimates. She also testified that all of the work was necessary and reasonable.

■ Recovery of expenses or the cost of repairs in a DTPA case is governed by the same evidentiary requirements applicable to other cases where such damages are recoverable. It will not suffice to simply establish the amount paid. There must also be evidence of the reasonableness of and the necessity for such expenses or costs. *Royal Globe Insurance Co. v. Bar Consultants*, 577 S.W.2d 688, 694 (Tex.

1979); *Oakes v. Guerra*, 603 S.W.2d 371, 373 (Tex.Civ.App.—Amarillo 1980, no writ).

We conclude that there was sufficient evidence for the trial court to find that the appellee's cost of repairs was reasonable.

■ We sustain the appellants' contention that there was insufficient evidence to support the court's award of $3,547.00 for repairs and hold that there was only evidence to support an award of $3,380.00. We overrule the appellants' seventh point of error insofar as it asserts that there was insufficient proof to show that the repairs were necessary and the prices charged for them were reasonable.

That portion of the trial court's judgment awarding the appellee the sum of $5,547.00 as damages is reformed to the sum of $5,380.00, and in all other respects the judgment of the trial court is affirmed.