**DANNY DARBY REAL ESTATE, INC., Appellant,**

v.

**Charles Ray JACOBS, Appellee.**

**No. 05–86–00953–CV.**

Court of Appeals of Texas, Dallas.

Oct. 2, 1987.

Rehearing Denied Nov. 24, 1987.

Harold F. Curtis, Greenville, for appellant.

**19**

Charles M. Wilson, Dallas, for appellee.

Before HOWELL, STEWART and THOMAS, JJ.

HOWELL, Justice.

■ Plaintiff, Charles Ray Jacobs, sued defendant, Danny Darby Real Estate, Inc., under the DTPA[1], alleging the defendant made certain misrepresentations in advertising certain property for sale under the land purchase program of the Texas Veterans Land Board. The trial court entered judgment on the jury's verdict in plaintiff's favor. In one of its points of error, defendant contends that the trial court erred in granting judgment for plaintiff because plaintiff failed to present any evidence that the expenses he incurred were reasonable or necessary. Because we agree, we reverse the trial court's judgment and remand for a new trial.

In the autumn of 1979, defendant advertised for sale several tracts of land near Greenville. The advertising indicated that financing was available through the Texas Veterans Land Board. As a veteran, plaintiff was eligible to participate in the Board's program. Assertedly acting in reliance on defendant's representations, plaintiff signed an earnest money contract on October 6, 1979 for one of the tracts. The October 6 contract provided that the sale was to be consummated when plaintiff obtained financing from and entered into a contract of sale with the Board. Nevertheless, assertedly relying upon representations by defendant that such financing would eventually be obtained, plaintiff purchased a mobile house on December 7, 1979 and installed it on the property. He contended that he had express permission to do so. Additionally, plaintiff expended his personal funds to build an access road to the property and to obtain telephone, water, sewage, and electrical service.

On December 27, 1979, plaintiff filed an application and contract of sale with the Board, seeking financing for the purchase of the property. By letter dated January 8, 1980, the Board informed defendant that financing might not be available citing the Board's subdivision rule providing that the Board may only finance five tracts in any given subdivision. Five tracts out of this subdivision had already been financed with the Board. On February 19, 1980, the Board advised defendant that it would not finance the sale because of the subdivision rule. Shortly thereafter, defendant commenced eviction proceedings against plaintiff. He vacated in April 1980, leaving behind the improvements that he had installed. The jury found that plaintiff was entitled to recover for his improvements.

■ Defendant asserts that there was no evidence that the amounts expended by plaintiff were reasonable or necessary. He presented bills and cancelled checks to show the amounts expended, but the record contains no evidence that such expenses were reasonable or necessary. In order to recover expenses under the DTPA, it is not sufficient to establish the amounts paid; there must also be evidence of the reasonableness of and necessity for the expenses. *Great American Homebuilders, Inc. v. Gerhart*, 708 S.W.2d 8, 12 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (citing *Oakes v. Guerra*, 603 S.W.2d 371, 373 (Tex.Civ.App.—Amarillo 1980, no writ)). Because plaintiff offered no evidence that his expenses were reasonable or necessary, we sustain defendant's point of error. Accordingly, we reverse the trial court's judgment and remand for new trial.

---

1. TEX.BUS. & COM.CODE ANN. §§ 17.41–.63 (Vernon Supp.1987).