**Charles Ray JACOBS, Petitioner,**

v.

**DANNY DARBY REAL ESTATE, INC., Respondent.**

No. C–7115.

Supreme Court of Texas.

May 18, 1988.

Charles M. Wilson, III and B. Scott Kruka, Carter, Jones, Magee, Rudberg & Mayes, Dallas, for petitioner.

Harold F. Curtis, Jr. and D. Robert Smith, Curtis & Paris, Greenville, for respondent.

OPINION

GONZALEZ, Justice.

This is a case brought under the DTPA.[1] Charles Ray Jacobs sued Danny Darby

---

1. Texas Deceptive Trade Practices—Consumer Protection Act found in Tex.Bus. & Comm.Code Ann. §§ 17.41–17.63 (Vernon Supp.1988).

Real Estate, Inc. to recover for alleged misrepresentations in advertising certain property for sale under the land purchase program of the Texas Veterans Land Board. Pursuant to a jury verdict, Jacobs was awarded a judgment in his favor by the trial court. The court of appeals reversed the judgment of the trial court and remanded the cause for a new trial. 740 S.W.2d 18 (Tex.App.1987). We reverse the judgment of the court of appeals and remand to that court for consideration of Darby's points of error presented to but not considered by the court of appeals.

Darby advertised for sale several tracts of land near Greenville, Texas. The advertising indicated that financing was available through the Texas Veterans Land Board. As a veteran, Jacobs was eligible to participate in the program. In reliance upon Darby's advertisement, Jacobs signed an earnest money contract on October 6, 1979. This contract provided that the sale was contingent on Jacobs obtaining financing from the Board. Jacobs, allegedly relying on Darby's representations that financing would be obtained, purchased a mobile home and installed it on the tract. Jacobs also constructed a driveway, and obtained telephone, water, sewage and electrical services for the property.

On December 27, 1979, Jacobs filed an application for financing and contract of sale with the Board. In February 1980 the Board informed Jacobs that it would not finance the sale. Shortly thereafter, Darby commenced eviction proceedings against Jacobs.

Jacobs brought suit against Darby alleging violations of the DTPA based upon Darby's representation that Jacobs would be able to obtain financing through the Board. The jury answered the issue favorably to Jacobs. The court of appeals reversed and remanded, holding that Jacobs

"offered no evidence that his expenses were reasonable and necessary...." 740 S.W.2d at 19.

■ Jacobs has presented only one point of error to this court by which he asserts that the court of appeals erred in holding that there was no evidence that the expenses he incurred as a result of Darby's alleged misrepresentation were reasonable and necessary.[2] In reviewing this no evidence point, we must consider only the evidence and inferences which tend to support the finding, and disregard all evidence and inferences to the contrary. *Stranglin v. Keda Development Corp.*, 713 S.W.2d 94, 95 (Tex.1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

Jacobs incurred out-of-pocket expenses in moving a mobile home on the property for his family and in establishing utility services for the home. Jacobs personally installed a driveway, a septic tank and equipment for electric and water utilities. Jacobs purchased the septic tank from his cousin at wholesale price. His cousin, who was in the busines of selling and installing septic tanks, installed the tank with Jacobs' assistance.

Jacobs purchased and installed the equipment necessary for electrical service and water service; he also purchased crushed rock to build a 400 foot driveway, and rented a maintainer to smooth the stone once it was laid. Because he rented the maintainer from a friend, his rental costs were reduced from $400 per day to $400 per month. Jacobs' only other expenses incurred as a result of his improvements were for the telephone hookup service, rock for the septic tank, fuel for the maintainer, and the cost of hiring someone to operate

---

2. It has not been asserted by point of error to this court that the court of appeals erred in *requiring* Jacobs to prove that the damages he suffered from the alleged misrepresentation were reasonable and necessary. We need not decide the correctness of this requirement today, as it has not been preserved for considera-

tion by point of error. If Jacobs was in fact required under the DTPA to establish that his expenses were reasonable and necessary, such must be deemed found in support of the judgment, as no issue on this element was submitted or requested. Tex.R.Civ.P. 279.

the maintainer. Jacobs did not request compensation for the value of his services. The expenses which Jacobs asked to be reimbursed for as damages in this suit totalled less than $1500.

We hold that there is some evidence to support a finding that the work performed and the expenses incurred incident to that work were reasonable and necessary. Accordingly, we reverse the judgment of the court of appeals and remand the cause to that court for consideration of the remainder of Darby's points of error.

KILGARLIN, J., concurs, and RAY, J., joins.

KILGARLIN, Justice, concurring.

I concur in the court's judgment reversing the court of appeals. However, I would additionally hold that proof of reasonableness and necessity is not required under the DTPA. Tex.Bus. & Com. Code §§ 17.41–17.63 (Vernon 1987). The statute itself imposes no such requirement, nor should we engraft one where the legislature has refused to do so.

In concluding that Jacobs was required to offer evidence that his expenses were reasonable and necessary, the court of appeals relied on *Great American Homebuilders, Inc. v. Gerhart,* 708 S.W.2d 8, 12 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), and *Oakes v. Guerra,* 603 S.W. 2d 371, 373 (Tex.Civ.App.—Amarillo 1980, no writ). The decisions in *Gerhart* and *Guerra* support the ruling of the court of appeals. However, both *Gerhart* and *Guerra* rely erroneously on *Royal Globe Insurance Co. v. Bar Consultants, Inc.,* 577 S.W.2d 688, 694 (Tex.1979), for the broad principle that a DTPA plaintiff must always offer evidence that the expenses for which he seeks recovery were "reasonable and necessary." This court's opinion in *Royal Globe* makes no such holding.

*Royal Globe* involved misrepresentations as to insurance coverage. Because of a misrepresentation, the insured, Bar Consultants, believed it had coverage when in fact it did not. Had there been coverage as represented, Bar Consultants would not have been "adversely affected" or "injured" because, but for the misrepresentation, it could have recovered *under the insurance policy* for its vandalism loss. As the opinion very logically states: "Bar Consultants' damage was the reasonable and necessary cost of repairs made necessary by the vandalism." 577 S.W.2d at 694. This makes sense because the amount of recovery *under the insurance policy* would ordinarily be limited to repair costs that were reasonable and necessary. To reiterate, the direct damage suffered by Bar Consultants was the amount of money which, but for the misrepresentation, would have been payable *under the insurance policy.* The *Royal Globe* case makes no general holding as to damages recoverable in all DTPA cases and it is distinguishable from the present case which does not involve insurance.

*Royal Globe* was decided under a prior version of the DTPA in which the operative words were "adversely affected." The present statute simply requires that the defendant's conduct "constitute a producing cause of actual damages." DTPA § 17.50(a)(1). *Compare* section 17.50(d) (permitting recovery of "court costs and *reasonable and necessary* attorneys' fees") (emphasis supplied). The legislature obviously knows how to require proof of reasonableness and necessity, yet it has declined to do so with respect to actual damages recoverable by consumers. This is at least consistent with the legislature's mandate that the DTPA be liberally construed and applied to promote its underlying purposes, which include protecting consumers against misleading and deceptive business practices and providing efficient and economical procedures to secure such protection. DTPA § 17.44.

Peculiarly disturbing is the fact that in this case Danny Darby secured reversal of a jury verdict and trial court judgment based on a no evidence complaint never preserved in the trial court as required by Tex.R.App.P. 52(a) and *Aero Energy, Inc. v. Circle C Drilling Co.,* 699 S.W.2d 821 (Tex.1985). In fairness to the court of appeals, Jacobs never pointed out Danny Darby's procedural waiver as grounds for over-

ruling its no evidence point concerning reasonableness and necessity. Had Jacobs moved for rehearing on the waiver point and then brought it to our court, we could have reversed the judgment of the court of appeals without hearing oral argument. Tex.R.App.P. 133(b).

RAY, J., joins in this concurring opinion.