Charlie L. STANGLIN Petitioner,

v.

**KEDA DEVELOPMENT CORPORATION, Respondent.**

No. C–3907.

Supreme Court of Texas.

Jan. 15, 1986.

On Rehearing July 16, 1986.

Ramirez & Associates, Florentino Ramirez, Dallas, for petitioner.

Hughes & Hill, Mr. Timothy A. Duffy, Dallas, for respondent.

## OPINION

RAY, Justice.

This case concerns an execution sale in which three separate tracts of real estate, collectively valued between $422,000 and $700,000, were sold in bulk for $5,283 to satisfy a $3,710 judgment. The owner of the property, Charlie L. Stanglin, alleged that an irregularity in the execution sale caused the inadequate sale price of the tracts. After a non-jury trial, judgment was rendered voiding the sale. The court of appeals, in an unpublished opinion, reversed the trial court's judgment, holding there was no evidence that the irregularity caused the inadequate price. We have determined there is some evidence of causation and, therefore, reverse the judgment of the court of appeals and affirm that of the trial court.

In 1969, the City of Dallas assessed paving liens against Stanglin in the aggregate sum of $3,710.79 which remained unpaid. In 1974, an agreed judgment was rendered against Stanglin foreclosing those liens and ordering the sale of his properties "according to law in satisfaction of this judg-

ment...." The three tracts were sold in bulk to Keda Development Corporation at the execution sale on February 3, 1981 for $5,283.00.

Stanglin filed suit to set aside the sheriff's deed alleging that the sale of the tracts in bulk, rather than separately, violated Tex.Rev.Civ.Stat.Ann. art. 3806 (Vernon 1966) and that such irregularity caused the inadequacy in the sale price. Stanglin failed to preserve error as to the debtor's Tex.R.Civ.P. 637 right to designate the order of sale. The trial court held that the sale of the tracts in bulk was an irregularity which caused or contributed to cause the tracts to be sold for an inadequate price, and set aside the deed.

The court of appeals reversed the judgment of the trial court, finding no evidence that the irregular sale in bulk caused the inadequate purchase price at execution. The court of appeals considered testimony that the fair market value of the tracts in bulk was greater than the aggregate fair market value of the tracts separately. The appellate court then held that there was no evidence to support the trial court's finding that selling the property in bulk was an irregularity which caused the inadequate consideration.

■ When reviewing a judgment on a no evidence ground, the appellate court should only consider the evidence and inferences tending to support the trial court's judgment, and disregard all evidence and inferences to the contrary. *Stedman v. Georgetown Savings & Loan Ass'n.*, 595 S.W.2d 486, 488 (Tex.1979). Although the court of appeals purported to apply this test, it in fact did not. The court of appeals relied only on evidence contrary to the findings of the trial court. This evidence should have been disregarded. Correct application of the no evidence standard yields some evidence to support the trial court's finding of causation.

■ Charlie Stanglin's three tracts were susceptible of being sold separately although two of the tracts contain improvements. Tract one, a grassy lot, is market

valued at $31,000, over eight times the amount of the judgment. Tract two contains a paved driveway and, at $22,900, has a market value nearly six times the amount of the taxes owed. Tract three consists primarily of a roller skating rink, whose $237,000 value is more than 60 times the amount of the tax lien. It is reasonable to infer that any of the tracts, if sold separately or in combination with one other tract, would have satisfied the judgment. This is some evidence that the bulk sale caused or contributed to cause the grossly inadequate consideration.

We reverse the court of appeal's judgment and affirm the judgment of the trial court.

HILL, C.J., not sitting.

## ON MOTION FOR REHEARING

■ Motion for rehearing is granted. On rehearing Keda argues that we should have remanded the cause to the court of appeals for consideration of points presented to that court, but upon which the court of appeals did not rule because of its "no evidence" holding. Among these points are arguments which, if sustained, would result in a modification of the trial court's judgment or a remand for new trial. We agree that Keda is entitled to have these points considered under the rule of *McKelvy v. Barber*, 381 S.W.2d 59 (Tex.1964). We have the option of "(1) examining the points not considered by the court of appeals in order to determine whether any will support affirmance of that court's judgment, or (2) remanding the cause to the court of appeals for it to pass on those points." *Roark v. Allen*, 633 S.W.2d 804, 811 (Tex.1982). Because the unaddressed points of error include an attack on the sufficiency of the evidence, we deem it expedient to remand the entire cause to the court of appeals. *Montfort v. Jeter*, 567 S.W.2d 498, 500 (Tex.1978).

We vacate our judgment of rendition and substitute a remand of the cause to the court of appeals for further proceedings consistent with our opinion.