**James Earl DAVIS, et ux., Petitioners,**

**v.**

**BRYAN & BRYAN, INC., Respondent.**

**No. C–5882.**

Supreme Court of Texas.

April 15, 1987.

On Rehearing May 27, 1987.

Dennis Powell, Dugas & Powell, Orange, for petitioners.

Pannal Alan Sanders, Sanders & Owens, Orange, for respondent.

**PER CURIAM.**

This is an appeal from a suit on a contract. Based on the jury's answers to special issues, the trial court rendered judgment that plaintiff take nothing. While noting that Bryan & Bryan failed to plead or submit issues on the theory of *quantum meruit,* the court of appeals, in an unpublished opinion, reversed the judgment of the trial court by holding: "From a strict view of the law, since plaintiff brought this

suit on an incorrect theory of law, the court's action should not be criticized."

■ The court of appeals found no error by the trial court. A reviewing court can reverse only when there is error in the judgment of the court below. *City of Houston v. Blackbird*, 394 S.W.2d 159 (Tex.1965); *Chevalier v. Lane's, Inc.*, 213 S.W.2d 530 (1948). *See also Clifton v. Southern Pacific Transportation Co.*, 709 S.W.2d 636 (Tex.1986). The holding of the court of appeals is in conflict with these supreme court decisions and Tex.R.App.P. 81, 180 (Vernon Supp.1987). Absent error in the trial court mandating a reversal, the court of appeals cannot reverse in the interest of justice. Tex.R.App.P. 81, 180 (Vernon Supp.1987).

■ Accordingly, the majority of the court grants petitioner's (James Earl Davis) writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and affirm the judgment of the trial court pursuant to Tex.R.App.P. 133(b) (Vernon Supp.1987).

## ON MOTION FOR REHEARING

PER CURIAM.

■ Motion for rehearing is granted. On rehearing, Bryan & Bryan asserts that we should have remanded the cause to the court of appeals for consideration of points presented to that court but upon which the court of appeals did not rule because of its holding that "plaintiff brought the suit on an incorrect theory of law." Because the unaddressed points of error include an attack on the sufficiency of the evidence which, if sustained, would result in a remand for new trial, we remand the cause to the court of appeals. *Stanglin v. Keda Development Corp.*, 713 S.W.2d 94 (Tex. 1986); *McKelvy v. Barber*, 381 S.W.2d 59 (Tex.1964).

We vacate our judgment of rendition and we remand this cause to the court of appeals for further proceedings consistent with our opinion.