Opinion issued May 31, 2007

 







In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00240-CV






MARK McCOY, Appellant


V.


RENEE ROGERS AND TIMOTHY ROGERS, Appellees






On Appeal from the 165th District Court

Harris County, Texas

Trial Court Cause No. 2004-73163






O P I N I O N


 Appellant, Mark McCoy, filed this action to set aside a deed conveyed pursuant
to an execution sale of real property that he previously owned. McCoy brings this
appeal to challenge the summary judgment rendered in favor of appellees, Renee
Rogers and Timothy Rogers, who purchased the property at the sale. McCoy presents
a broad issue contending that the trial court erred by rendering summary judgment. (1) 
In two additional issues, McCoy contends that the sheriff's execution sale should be
set aside (1) because of lack of compliance with the notice provisions of rules 637
and 647 of the Rules of Civil Procedure, (2) because he was not notified of the sale
at his home address, and (3) because the Rogerses purchased the property at half its
fair market value. We affirm. 

 Facts and Procedural Background


 This dispute concerns property, a house, located at 1736 Crownover in the
Spring Branch Oaks subdivision in Houston (the property). McCoy owned the
property before the sheriff's sale challenged here; the Rogerses owned the property
adjacent to McCoy's. Neither party used the respective properties as a primary
residence. The Rogerses had previously sued McCoy for maintaining a nuisance on
his property, which the City of Houston had boarded up and declared dangerous. As
a result of that action, Cause No. 2002-60912, Tim Rogers and Renee Rogers v. Mark
Alan McCoy (the underlying case), the parties executed and endorsed an agreed final
judgment, which the trial court signed on December 16, 2003. 

 The agreed judgment awarded the Rogerses $25,000, plus $6,000 in attorney's
fees, but recites that the Rogerses would forbear execution until February 14, 2004
to enable McCoy to perform needed repairs and improvements to the property and
thus reduce the $25,000 indebtedness. To that end, the agreed judgment provided
that if McCoy made the repairs and improvements specified in the judgment by
February 14, 2004, he would receive a specified credit for those repairs, against the
$25,000 judgment amount. If McCoy completed all the repairs, he would receive an
additional credit of $1,500. (2) But, the agreed judgment also provided that if McCoy
did not complete the specified repairs by February 14, 2004, the Rogerses 

 without further Court Order or notice to [McCoy] shall be entitled to (i)
seek to have issued a writ of execution; (ii) such other and further
remedies as allowed by law to enforce and collect such judgment in
favor of [the Rogerses]. 


In addition to the credits stipulated for repairs and improvements, the agreed
judgment recites that the Rogerses would provide McCoy an additional $0.50 credit
for every $1.00 that the Rogerses received "upon the sale [of their adjacent property]
. . . that is above $120,000; provided, however, that once the [agreed judgment] has
been reduced to $6,000 by either payments and/or credits, [McCoy would] not be
entitled to any additional credits." 

 The summary judgment evidence shows that the Rogerses met at the property
with McCoy and a representative of the civic association for the Spring Branch Oaks
subdivision on February 16, 2004, two days after the compliance date stated in the
agreed judgment. The Rogerses' counsel in the underlying case was also present. As
a result of the meeting, it was determined that the repairs and improvements specified
in the agreed judgment had not been made. The Rogerses requested a writ of
execution on the following day, and they filed an abstract of the underlying judgment
on March 2, 2004. (3) 

 The writ of execution issued on April 1, 2004. The office of Harris County
Constable Glen Cheek published notice in the Daily Court Review newspaper and
notified all parties by certified mail that execution sale of the property would take
place on June 1, 2004. See Tex. R. Civ. P. 647. The summary judgment record
includes a copy of a postal notice, dated May7, 2004 and delivered to McCoy at the
property address, reporting an attempted delivery of a certified letter from Constable
Cheek on May 7, 2004, which was available for pick-up after May 8, 2004. (4) At the
sheriff's sale on June 1, 2004, the Rogerses purchased the property for $28,000 and
subsequently obtained a deed reflecting their ownership. 

 On December 29, 2004, McCoy filed this action to set aside the sale and the
deed and sought injunctive and declaratory relief. McCoy's live pleadings deny
defaulting on the repairs and improvements required by the agreed judgment. Despite
the express terms of the agreed judgment, which set the deadline date for completing
all repairs and improvements at February 14, 2004 and authorized the Rogerses to
seek execution without "further Court Order or notice to [McCoy]," McCoy also
claimed that he was "entitled to notice" of the sale, that he had no knowledge of the
sale until August 2004, and that irregularities in the sale amounted to wrongful
execution that warranted setting aside the sale and resulting deed to the Rogerses.

 The Rogerses filed a motion for traditional summary judgment and
supplemented their motion three times after McCoy amended his pleadings. They
also filed a no-evidence motion for summary judgment after McCoy amended his
pleading to allege that the Rogerses' conduct constituted fraud calculated to ensure
that he not receive notice of the execution sale. The record before us does not contain
a response by McCoy to the no-evidence motion. After conducting an oral hearing
to consider the parties' arguments, the trial court rendered summary judgment for the
Rogerses. A final judgment was rendered in their favor after resolving their claims
for attorney's fees. McCoy filed a motion for new trial, which the trial court denied
by written order.

Standard of Review


 We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). In conducting our review, we indulge every
reasonable inference in favor of the nonmovant, take all evidence favorable to the
nonmovant as true, and resolve any doubts in favor of the nonmovant. Id. A
defendant who moves for traditional summary judgment on the plaintiff's claims must
conclusively disprove at least one element of each of the plaintiff's causes of action. 
Little v. Tex. Dep't of Criminal Justice, 148 S.W.3d 374, 381 (Tex. 2004). 

 Rule 166a also authorizes summary judgment on no-evidence grounds. Tex.
R. Civ. P. 166a(i). A trial court must grant a no-evidence motion for summary
judgment if (1) the moving party's motion asserts that there is no evidence of one or
more specified elements of a claim or defense on which the adverse party would have
the burden of proof at trial; and (2) the adverse party produces no summary judgment
evidence that raises a genuine issue of material fact on those elements. See id.; Sudan
v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006); see also Flameout Design &
Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex.
App.--Houston [1st Dist.] 1999, no pet.) ("Thus, a no-evidence summary judgment
is similar to a directed verdict."). Once the movant specifies the element or elements
on which there is no evidence, the burden shifts to the non-movant, who would have
the burden of proof on those elements at trial, to produce evidence that raises a fact
issue on the challenged elements. Tex. R. Civ. P. 166a(i); Flameout Design, 994
S.W.2d at 834.

 In reviewing a no-evidence summary judgment, we continue to apply the well-settled standards by which we assume all evidence favorable to the non-movant is
true, and we indulge every reasonable inference and resolve all doubts in favor of the
non-movant. See Tex. R. Civ. P. 166a(i) and cmt. to 1997 change; Sudan, 199
S.W.3d at 292 (citing City of Keller v. Wilson, 168 S.W.3d 802, 824 (Tex. 2005));
Flameout Design, 994 S.W.2d at 834. 

 When, as here, a summary judgment does not specify the grounds on which it
was granted, the appealing party must demonstrate on appeal that none of the
proposed grounds is sufficient to support the judgment. See Star-Telegram, Inc. v.
Doe, 915 S.W.2d 471, 473 (Tex. 1995); Ellis v. Precision Engine Rebuilders, Inc., 68
S.W.3d 894, 898 (Tex. App.--Houston [1st Dist.] 2002, no pet.). If summary
judgment may have been rendered, properly or improperly, on a ground not
challenged on appeal, the judgment must be affirmed. Ellis, 68 S.W.3d at 898; see
Vawter v. Garvey, 786 S.W.2d 263, 264 (Tex. 1990) (proscribing reversal of
summary judgment without properly assigned error).

 We will affirm the judgment if any one of the theories advanced in the motion
is meritorious and defeats a cause of action. See Joe v. Two Thirty Nine Joint
Venture, 145 S.W.3d 150, 157 (Tex. 2004). We will not consider a ground for
reversal that was not expressly presented to the trial court by written motion, answer,
or other response to the motion for summary judgment. See Tex. R. Civ. P. 166a(c)
("Issues not expressly presented to the trial court by written motion, answer[,] or
other response shall not be considered on appeal as grounds for reversal."); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 677 (Tex.1979). 

A. No-Evidence Summary Judgment

 As required by rule 166a(i), the Rogerses' motion seeking summary judgment
on McCoy's fraud claims listed each of the elements that McCoy would have to prove
in order to prevail at trial on his claim that they fraudulently contrived to ensure that
he was provided notice of the execution sale at the property, rather than at his
residence. See Tex. R. Civ. P. 166a(i). The Rogerses argued that no evidence existed
on which McCoy could rely to prove any element of his fraud claim against them. 
McCoy did not file a response to the rule 166a(i) motion. Because the trial court's
order rendering summary judgment did not specify on which grounds the trial court
granted relief, the order may have encompassed rendition on the no-evidence ground
asserted by the Rogerses. As the nonmovant who seeks to set aside a summary
judgment that lacks stated grounds for its rendition, McCoy's burden on appeal is to
demonstrate that none of the arguments on which the Rogerses relied supports the
judgment rendered. See Star-Telegram, 915 S.W.2d at 473; Ellis, 68 S.W.3d at 898. 
We must affirm when a judgment may have been rendered, whether properly or
improperly, on a ground not challenged on appeal. See Vawter, 786 S.W.2d at 264;
Ellis, 68 S.W.3d at 898. 

 As authorized by Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex.
1970), McCoy's brief on appeal includes a broad issue questioning whether the trial
court erred by rendering summary judgment in favor of the Rogerses. A general point
of error, contending that the trial court erred in granting the motion for summary
judgment, authorizes the party against whom judgment was rendered to challenge all
possible grounds on which the trial court might have relied in rendering judgment. 
See Plexchem Int'l, Inc. v. Harris County Appraisal Dist., 922 S.W.2d 930, 931 (Tex.
1996); Malooly, 461 S.W.2d 119, 121 (Tex. 1970). 

 The challenging party must also, however, present those arguments and
supporting authority in order to merit reversal. See Wortham v. Dow Chem. Co., 179
S.W.3d 189, 198 (Tex. App.--Houston [14th Dist.] 2005, no pet.) (citing cases and
noting contrary, minority view); see also Maranatha Temple, Inc. v. Enter. Prods.
Co., 893 S.W.2d 92, 106 (Tex. App.--Houston [1st Dist.] 1994, writ denied)
(applying rule 74(f) of former Rules of Appellate Procedure, governing briefing
requirements, to decline to "perform independent review of the record and applicable
law" to address alternate grounds advanced for traditional summary judgment not
challenged by points of error). (5)
 Though McCoy specifies two further issues or
"questions" in addition to his Malooly issue, his brief includes neither an issue nor
an argument that challenges the no-evidence grounds asserted by the Rogerses in
moving for summary judgment. 

 The settled law that we apply here precludes our reversing a judgment for a
reason not raised in a point of error. See Walling v. Metcalfe, 863 S.W.2d 56, 58
(Tex. 1993); Vawter, 786 S.W.2d at 264 (summary judgment); Segal v. Emmes
Capital, L.L.C., 155 S.W.3d 267, 272 (Tex. App.--Houston [1st Dist.] 2004, pet.
dism'd); Ellis, 68 S.W.3d at 898. Similarly, we may not grant relief unless the party
asserting error provides argument and supporting authorities. Tex. R. App. P. 38.1(e),
(h); Maranatha Temple, 893 S.W.2d at 106. 

 Despite McCoy's broad Malooly challenge, therefore, and in accordance with
Walling and Vawter and this Court's holding in Maranatha Temple, 893 S.W.2d at
106, we may not address whether the trial court erred by rendering no-evidence
summary judgment in favor of the Rogerses on McCoy's claim that they fraudulently
manipulated details of the execution to ensure that McCoy would not receive notice
of the execution sale. (6) Accordingly, we affirm the portion of the judgment of the trial
court that may have been rendered on McCoy's fraud claim.

B. Traditional Summary Judgment 

 McCoy's two specific issues on appeal challenge whether the Rogerses
established that they were entitled to summary judgment on their contention that the
agreed judgment in the underlying case authorized them to execute against the
property. McCoy first contends, in issue two, that he was entitled to notice of the
constable's sale and that failure to notify him constituted an irregularity that warrants
setting aside the sale. (7) In issue three, McCoy argues that lack of notice at his
residence address, where the Rogerses had previously served him with notice, and
inadequacy of the sale amount combined to warrant setting aside the sale. We
address these issues together.

 1. The Rogerses' Rule 166a(c) Motion

 In moving for traditional summary judgment, the Rogerses relied principally
on the terms of the agreed judgment, which had become final and had not been
appealed. They argued that they proceeded as authorized by and in accordance with
the agreed judgment, which they and McCoy had endorsed as to form and substance,
and the terms of which had a definite legal meaning. The Rogerses emphasized, in
particular, that the terms of the agreed judgment authorized execution without further
court order or notice to McCoy. 

 The Rogerses provided three affidavits in support of their motion. A
representative of the Spring Branch Oaks subdivision, Lois Stromberg, and their
counsel in the underlying case, Jay Dushkin, both described the meeting at the
property on February 16, 2004, at which McCoy was also present. McCoy does not
dispute that he was present during this meeting, which took place one day before the
Rogerses initiated the execution proceedings. During this meeting, it was determined
that McCoy had not completed the repairs and improvements required by the agreed
judgment. In his affidavit, Stromberg stated that "a few of the repairs [had been]
started," but none were completed. In addition, Stromberg reported that he
confronted McCoy and asked him directly whether he had completed any of the
repairs, and that McCoy "indicated that he had not." Dushkin also averred that no
repairs contemplated by the agreed judgment had been made and that none of the
credits contemplated by the agreed judgment were due McCoy as of February 16,
2004. Renee Rogers supplied an affidavit in which she attested to the liens pending
against the property as of February 16, 2004 and provided copies of the pertinent lien
documents that included a mortgage lien, many City of Houston liens, an association
lien, and a federal tax lien for $36,645.97 that had been in effect against the property
since 2002. 

 The Rogerses' summary judgment evidence also included a copy of a sworn
statement that McCoy had filed in support of an appraisal hearing before the Harris
County Appraisal District (HCAD) on August 30, 2004, two months after the
Rogerses purchased the property at execution, as well as copies of HCAD documents
relating to the hearing. These documents show that McCoy estimated the market
value of the property at $30,000. In addition, McCoy described the property as
follows: "water pipes in ceiling busted; roof leaks; wood rot; dwg [sic] boarded." (8)

 The Rogerses contended they were entitled to summary judgment under the
substantive law because the price paid at execution was not inadequate and there were
no flaws in the execution process that would invalidate the sale. With respect to
McCoy's claim of lack of notice, the Rogerses argued that there had been compliance
with rule 647 and that they had relied on the constable in accomplishing notice. They
concluded their motion by referring to the Texas policy that favors sustaining
execution sales. (9) 

 2. McCoy's Response 

 In the affidavit that accompanied his single response to the Rogerses' initial
motion for traditional summary judgment, McCoy averred that he had never resided
at the property, which he had owned for 15 years, but lived instead at a different
address that was known to the Rogerses because they served him with process at that
address in the underlying case. (10) McCoy denied receiving any timely notice, to which
he maintained he was entitled, despite the terms of the agreed judgment, and stated
that he was not aware of the execution sale until August 2004. McCoy disputed the
Rogerses' contention that he waived notice of execution by the terms of the agreed
judgment and argued that those terms applied only to the Rogerses' decision to "seek"
execution. He claimed that fact issues concerning irregularities in the sale process
precluded summary judgment in favor of the Rogerses. 

To Set Aside Sale, Irregularities Must Result in Grossly Inadequate Price


 It is the policy of the law to sustain execution sales, rather than to set them
aside based on "mere irregularities occurring in the procedure by which those sales
are made." Burnam v. Blocker, 247 S.W.2d 432, 434 (Tex. Civ. App.-- Fort Worth
1952, writ ref'd); see Apex Fin. Corp. v. Brown, 7 S.W.3d 820, 827 (Tex.
App.--Texarkana 1999, no pet.) (citing Burnam). The party seeking to set aside an
execution sale must prove (1) that the consideration received at the sale is grossly
inadequate and (2) that irregularities in the sale tended to contribute to the inadequate
price. See Stanglin v. Keda Dev. Corp., 713 S.W.2d 94, 95 (Tex. 1986) (holding that
execution sale of three tracts in bulk was irregularity that caused grossly inadequate
consideration because market value of one lot, or two lots at the most, might have
satisfied underlying indebtedness); Am. Sav. & Loan Ass'n v. Musick, 531 S.W.2d
581, 587 (Tex. 1975) (trustee sale); Onwuteaka v. Cohen, 846 S.W.2d 889, 893-94
(Tex. App.--Houston [1st Dist.] 1993, writ denied) (trustee sale); see also Powell v.
Stacy, 117 S.W.3d 70, 75 (Tex. App.--Fort Worth 2003, no pet.) (holding that trial
court properly rejected multiple alleged "irregularities" claimed to warrant setting
aside trustee sale). Both conditions are necessary: neither inadequacy of price alone,
nor technical irregularities alone, will warrant setting aside an execution sale. 
Musick, 531 S.W.2d at 587; Roquemore v. Kellogg, 656 S.W.2d 646, 649-50 (Tex.
App.--Dallas 1983, no writ). There must also be a causal connection between an
irregularity of the sale and an inadequate selling price to set aside a sheriff's sale. 
Apex Fin., 7 S.W.3d at 828; see Stanglin, 713 S.W.2d at 95. 

A. Rule 647 Notice

 Compliance with the notice requirements for execution, whether contained in
a deed of trust or as required by statute, is a prerequisite to the right of the trustee or
sheriff to make the sale. Houston First Am. Sav. v. Musick, 650 S.W.2d 764, 768
(Tex. 1983) (citing Goode v. Davis, 135 S.W.2d 285, 292 (Tex. Civ. App.--Fort
Worth 1939, writ dism'd judgm't cor.)) (trustee sale); see also Apex Fin., 7 S.W.3d
at 828 (noting that rule 647 requires sheriff to provide judgment debtor or debtor's
counsel notice of sheriff's sale, either in person or by mail, and that failure to provide
required notice constitutes "irregularity" in execution sale) (citing Tex. R. Civ. P.
647; Collum v. DeLoughter, 535 S.W.2d 390, 392 (Tex. Civ. App.--Texarkana 1976,
writ ref'd n.r.e.) (sheriff's sale)). The right to notice inures to the benefit of the
judgment debtor and is, therefore, subject to waiver by the judgment debtor. See
Goode, 135 S.W.2d at 292 (construing former article 3810 of Revised Civil Statutes,
current version at Tex. Prop. Code Ann. § 51.002 (Vernon 2007)); Powell, 117
S.W.3d at 74 (holding that statutory notice provisions, for notice of default and
opportunity to cure, were waived by provisions of note as to one obligor, though
provisions applied to co-obligor who used property as residence) (construing Tex.
Prop. Code Ann. § 51.002 (d)). (11) 

 In Apex Financial, on which the Rogerses relied in the trial court in seeking
traditional summary judgment, a former owner of property who sought to set aside
a sheriff's sale made pursuant to a judgment lien, prevailed on that claim by summary
judgment, which the purchaser at the sale appealed. 7 S.W.3d at 824. The purchaser
claimed that an underlying settlement agreement barred any challenge to the sheriff's
sale. See id. at 826-27. In addressing this challenge, the court applied settled,
contract-interpretation principles to interpret the terms of the settlement agreement.
See id. at 826 (citing Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 133-34 (Tex.
1994); Reilly v. Rangers Mgmt., Inc., 727 S.W.2d 527, 529 (Tex. 1987); Coker
v.Coker, 650 S.W.2d 391, 393-94 (Tex. 1983)). The court rejected the purchaser's
contention after concluding that the settlement agreement did not estop a challenge
to a sheriff's sale on the particular property in question. Id. at 827. 

 We apply the same contract-interpretation principles to the agreed judgment in
this case. See Gulf Ins. Co. v. Burns Motors, Inc., 22 S.W.3d 417, 422 (Tex. 2000)
(stating that agreed judgment should be construed in same manner as contract). A
judgment rendered by consent, as here, has neither less nor more effect than a
judgment rendered following litigation, except that "the consent excuses error and
operates to end all controversy between the parties." See id. (citing Wagner v.
Warnasch, 295 S.W.2d 890, 893 (Tex. 1956)). Accordingly, we examine and consider
the entire agreed judgment so that no provisions will be rendered meaningless. See
id. (citing R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc., 596 S.W.2d 517, 519 (Tex.
1980)). As when construing a contract, our primary concern is to give effect to the
written expression of the parties' intent expressed in the agreed judgment. See
Forbau, 876 S.W.2d at 134. Whether a contract is ambiguous is a question of law for
the court to decide by examining the contract as a whole in light of the circumstances
existing when the parties executed the agreed judgment. Reilly, 727 S.W.2d at 529.
Yet, not every difference in the interpretation of a contract amounts to an ambiguity
that will render summary judgment improper. See Forbau, 876 S.W.2d at 134; Coker,
650 S.W.2d at 393-94. 

 As excerpted in full above, the express terms of the agreed judgment set
February 14, 2004 as the default date for McCoy to complete the repairs and
improvements listed in the agreed judgment. Failure to complete them authorized the
Rogerses to seek execution without "further Court Order or notice to [McCoy]" and,
in addition, any other legal remedies for collection and enforcement. We agree with
the Rogerses that McCoy waived notice of execution based on this provision. The
underlying case that resulted in the agreed judgment was an action brought by the
Rogerses and based on claims that the blighted condition of the McCoy property
constituted a nuisance that adversely affected the market value of their adjacent
property. The Rogerses prevailed on those claims. The agreed judgment had a
twofold purpose, as follows: (1) to "enter judgment in favor of [the Rogerses] and
against [McCoy] and the McCoy property," but (2) to "forbear obtaining a writ of
execution on the [j]udgment" pending McCoy's completing the repairs and
improvements listed in the agreed judgment by February 14, 2004, for which McCoy
would receive stated credits against the judgment. (Emphasis added.) The agreement
further provided that if McCoy filed a petition in bankruptcy or was brought
involuntarily into bankruptcy, the Rogerses could immediately abstract the judgment 
and seek collection. 

 Construing the agreed judgment as a whole, as we must, we conclude that it
served to defer the Rogerses' right to execute, but only temporarily and pending
McCoy's compliance. We further conclude that, by endorsing the agreed judgment
as to form and substance, McCoy acceded to the terms authorizing the Rogerses to
seek not only execution without "further Court Order or notice to [McCoy]," but also,
any other legal remedies for collection and enforcement, and thereby waived the notice
that he contends he was entitled to by rule 647. Having reached these conclusions, we
hold that the Rogerses conclusively established that lack of notice to McCoy, if any,
did not constitute an irregularity in the constable's sale. 

 We overrule McCoy's second issue. 

B. Grossly Inadequate Price
 As settled law recognizes, to set aside the constable's sale and subsequent deed
to the Rogerses, McCoy had to establish both technical irregularities in the sale and
an inadequate price that results from those technical irregularities. See Musick, 531
S.W.2d at 587; Stanglin, 713 S.W.2d at 95; Apex Fin., 7 S.W.3d at 828; Roquemore,
656 S.W.2d at 649-50. Because both conditions must be present, and because we
have concluded above that the agreed judgment negated the first condition--the
alleged irregularity of lack of notice--as a matter of law, we need not address
McCoy's third issue, in which he contends that the alleged irregularity resulted in an
inadequate price. 

 We overrule McCoy's third issue. 

Conclusion


 We affirm the judgment of the trial court.

 



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.
1. See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).
2. In addition to cleaning and maintaining the yard of the property, clearing away debris,
and mowing the front and back lawns of the property every two weeks, the judgment
listed ten additional categories of specific repairs and improvements to the interior
and exterior of the property. The repairs and improvements included roof repair,
replacement of deteriorated fascia boards, replacing windows currently covered by
plywood and installing mini-blinds on the interior, painting, and repairing and
replacing fencing, all of which had to conform to subdivision guidelines. The repairs
and improvements had a total credit value of $15,000.
3. The terms of the agreed judgment authorized the Rogerses to abstract the judgment.
4. McCoy's trial counsel provided the notice of attempted delivery for the certified letter
on November 4 or 5, 2004. Counsel's letter reporting the notice states that McCoy 
discovered the notice at the property after he learned of the June 1, 2004 execution
sale. 
5. See also Tex. R. App. P. 38.1(h) (current rule requiring that appellant's brief contain
clear, concise argument for contentions asserted); Tex. R. App. P. 38.1(e) (current rule
requiring that appellant's brief state all issues and points presented for review; further
requiring that this Court consider statement of issue "as covering every subsidiary
question that is fairly included"). 

6. This disposition does not end our analysis because the Rogerses' no-evidence motion
addressed only McCoy's fraud claims. Compare Maranatha Temple, Inc. v. Enter.
Prods. Co., 893 S.W.2d 92, 106 (Tex. App.--Houston [1st Dist.] 1994, writ denied)
(declining to address only unchallenged grounds after addressing challenged grounds)
with Smith v. Houston Lighting & Power Co., 7 S.W.3d 287, 290-91 (Tex.
App.--Houston [1st Dist.] 1999, no pet.) (affirming summary judgment on all
possible grounds because unchallenged ground would have been dispositive of entire
case).
7. As part of issues two and three, McCoy contends that he was not provided the
opportunity to "point out property to be levied upon," as required by rule 637. See
Tex. R. Civ. P. 637; Collum v. DeLoughter, 535 S.W.2d 390, 393 (Tex. Civ.
App.--Texarkana 1976, writ ref'd n.r.e.) (holding that failure of executing officer to
provide opportunity for debtor to designate property for levy constituted
"irregularity"). McCoy did not, however, present this argument to the trial court in
opposing the Rogerses' motion. Therefore, he may not raise the argument here. See
Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written
motion, answer or other response shall not be considered on appeal as grounds for
reversal."); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 677 (Tex.
1979). 
8. The Rogerses filed supplements to their motion in response to McCoy's amended
pleadings, and in response to his objections to some of their summary judgment
evidence. McCoy did not preserve any evidentiary objections, however, and presents
no evidentiary challenges on appeal.
9. The Rogerses did not, however, as they do on appeal, contend that McCoy's failure
to tender the amount owed pursuant to the agreed judgment precludes his attempt to
set aside the constable's sale. Because they did not raise this contention in the trial
court in support of their motion for summary judgment, they may not raise it on
appeal. See Tex. R. Civ. P. 166a(c); Clear Creek Basin Auth., 589 S.W.2d at 677. 
10. After making this assertion in his affidavit, McCoy amended his pleadings to allege
fraud by the Rogerses in seeking to prevent notice to him of the execution sale. As
addressed above, we decline to address any contentions related to McCoy's fraud
claims. 
11. We note that the notice provisions of section 51.002(d) of the Property Code, which
governs sale of real property pursuant to "a deed of trust or other contract lien," do
not apply to the execution pursuant to judgment at issue here. See Tex. Prop. Code
Ann. § 51.002(a), (d) (Vernon 2007).