

**NUMBER 13-06-634-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**FELIPE HERNANDEZ, JR., JOSE CASARES,
AND OSCAR CASARES,**                                                  **Appellants,**

**v.**

**STATE AND COUNTY MUTUAL INSURANCE COMPANY,**        **Appellee.**

---

**On appeal from the County Court at Law No. 4
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Justice Benavides**

Appellants, Felipe Hernandez, Jr., Jose Casares,[1] and Oscar Casares, appeal a

---

[1] In some places in the record, Jose Casares is referred to as "Jose Casares, Jr." However, we have styled this case and referenced Jose Casares without the "Jr." because that is how the parties were listed in the appellants' pleadings below.

summary judgment in favor of appellee, State and County Mutual Insurance Company ("State and County Mutual"). Because appellants have failed to challenge all possible grounds for the summary judgment, we affirm.

## I. BACKGROUND

On March 13, 2001, Felipe Hernandez, Jr. and Jose Casares were involved in an automobile accident. Jose Casares was driving a car owned by his father, Oscar Casares. Oscar carried automobile insurance through State and County Mutual. The policy contained an excluded driver endorsement that expressly excluded coverage for the vehicle if it was driven by an excluded driver.[2] The endorsement expressly named Jose as an excluded driver.

On April 16, 2001, Hernandez filed suit against Jose and Oscar for negligence and negligent entrustment. State and County Mutual intervened in the lawsuit and sought a declaratory judgment that the claims made against the Casareses were excluded from the policy's coverage. State and County Mutual also refused to defend Oscar pursuant to the insurance policy's excluded driver provision. Oscar failed to answer, and the trial court rendered a default judgment against him on August 1, 2001. Thereafter, Hernandez nonsuited his remaining claims, and State and County Mutual nonsuited its claims.

---

[2] The endorsement was titled "515A Exclusion of Named Driver and Partial Rejection of Coverage," and stated:

> YOU AGREE THAT NONE OF THE INSURANCE COVERAGES AFFORDED BY THIS POLICY SHALL APPLY WHILE 2: Jose Casares Jr. . . . IS OPERATING YOUR COVERED AUTO OR ANY OTHER MOTOR VEHICLE. YOU FURTHER AGREE THIS ENDORSEMENT WILL ALSO SERVE AS A REJECTION OF UNINSURED/UNDERINSURED MOTORISTS COVERAGE AND PERSONAL INJURY PROTECTION WHILE YOUR COVERED AUTO OR ANY OTHER MOTOR VEHICLE IS OPERATED BY THE EXCLUDED DRIVER(S).

It is undisputed that the endorsement was signed by Oscar Casares.

2

On March 7, 2006, Hernandez and the Casareses filed the underlying lawsuit alleging that State and County Mutual had a duty to defend Oscar and failed to do so.[3] State and County Mutual answered and filed a motion for summary judgment, asserting that the claims were barred by limitations and that it had no duty to defend because of the policy's excluded driver endorsement. On October 16, 2006, the trial court granted summary judgment without stating the basis for its ruling. This appeal ensued.

## II. DUTY TO CHALLENGE ALL POSSIBLE GROUNDS FOR SUMMARY JUDGMENT

If a trial court's order granting summary judgment does not specify the grounds for the ruling, the appellant bears the burden of negating all possible grounds for the trial court's ruling. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 2001). "If summary judgment may have been rendered, properly or improperly, on a ground not challenged [on appeal], the judgment must be affirmed." *Ellis v. Precision Engine Rebuilders, Inc.,* 68 S.W.3d 894, 898 (Tex. App.–Houston [1st Dist.] 2002, no pet.).

State and County Mutual moved for traditional summary judgment on two grounds: (1) limitations, and (2) its lack of a duty to defend under the policy. The trial court's judgment does not specify the grounds for its ruling—rather, it states that there are no issues of material fact and that the motion is "in all things" granted. Thus, appellants had the burden on appeal to negate both grounds raised by State and County Mutual's motion for summary judgment. *Id.*

Appellants have raised a general issue arguing that the summary judgment is improper, as is allowed under *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.

---

[3] Hernandez claims that Oscar Casares assigned his claim for breach of the duty to defend to Hernandez; however, there is no evidence in the record of such an assignment.

3

1970). However, a sufficiently raised issue is not the end of an appellant's burden—an appellant must not only raise a proper issue, he or she must present arguments and supporting authority for the Court to reverse a summary judgment. *McCoy v. Rogers*, 240 S.W.3d 267, 272 (Tex. App.–Houston [1st Dist.] 2007, pet. denied).

Appellants, however, have not argued that the trial court erred in granting summary judgment on limitations. Rather, their entire brief is spent arguing that State and County Mutual had a duty to defend Oscar. Under these circumstances, the summary judgment must be affirmed, and we need not address whether State and County Mutual had a duty to defend. *Ellis,* 68 S.W.3d at 898.

### III. CONCLUSION

The trial court's judgment is AFFIRMED.[4]

_____
GINA M. BENAVIDES,
Justice

Memorandum Opinion delivered and
filed this the 22nd day of May, 2008.

---

[4] All pending motions are hereby dismissed as moot.

4