

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00059-CV
_____

THERESA HALL, Appellant

V.

HOUSTONIAN INVESTMENT GROUP, LLC, Appellee

On Appeal from the 269th District Court
Harris County, Texas
Trial Court No. 2020-03094

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Stevens

# OPINION

Theresa Hall sued Houstonian Investment Group, LLC (Houstonian), after her unsuccessful attempt to redeem property located at 15304 Chipman Lane in Houston (the Property) that Houstonian purchased at a foreclosure sale.[1] Houstonian filed a traditional motion for summary judgment, which was granted by the trial court. On appeal, Hall questions whether the trial court erred in granting Houstonian's motion. We affirm the trial court's judgment.

## I.    Factual and Procedural Background

On September 3, 2019, Green Ridge Townhouse Homeowners Association, Inc. (Green Ridge), foreclosed on the Property. On that same date, Houstonian purchased the Property at a constable's foreclosure sale.[2] On September 10, 2019, Green Ridge's attorney sent a letter to the Property owner, Veyonka Pouncy, advising Pouncy[3] that the Property had been sold at a constable's foreclosure sale and that Houstonian had purchased it. The letter advised Pouncy that she had ninety days from the date of the letter in which to redeem the Property, explained that information regarding the amount owed to Green Ridge could be obtained from its attorney, and further explained that Pouncy would also be required to pay Houstonian the purchase price to redeem the Property.

---

[1]Originally appealed to the First Court of Appeals in Houston, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the First Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2]Hall also sued Green Ridge in the same lawsuit. After the trial court granted Green Ridge's traditional motion for partial summary judgment, the trial court entered an order granting Green Ridge's unopposed motion for severance. The appeal of that judgment is the subject of our opinion in *Hall v. Green Ridge Townhouse Homeowners Association, Inc.*, cause number 06-21-00035-CV.

[3]Hall is the attorney in fact for her niece, Pouncy.

After unsuccessfully attempting to redeem the Property, Hall filed suit against Green Ridge and Houstonian alleging entitlement to a declaratory judgment that the statutory redemption period was 180 days and that she had properly redeemed the Property. Hall further alleged a cause of action for quiet title and trespass to try title, together with claims of promissory estoppel, negligent misrepresentation, common-law fraud, and intentional interference with a contractual relationship. Hall sought actual and exemplary damages, attorney fees, and an application for a temporary restraining order.

Houstonian thereafter filed its traditional motion for summary judgment on each of Hall's claims, alleging (1) that, as a matter of law, Hall was not entitled to a declaration that (a) the redemption period was 180 days, (b) she had tendered the redemption payment within the redemption period, (c) she had substantially complied with the requirements of Section 209.011 of the Texas Property Code, and (d) Houstonian's failure to provide an exact amount to redeem the Property violated Section 209.011 of the Texas Property Code; (2) that, as a matter of law, Hall's title interest terminated when she failed to timely redeem the Property and that, as a result, her title claim was without merit; (3) that, as a matter of law, it could not be liable on Hall's promissory estoppel claim because it proved the defense of impossibility, and the law does not allow for a recovery beyond what Hall already received; (4) that Houstonian never supplied false information to Hall or made a false or material representation to her; and (5) that there was no contractual relationship between Houstonian and Hall.

The trial court concluded that Houstonian's motion was meritorious and granted judgment in its favor on "all of [Hall's] claims and causes of action." This appeal ensued.

3

## II.     Standard of Review

"We review the trial court's summary judgment de novo." *Triton 88, L.P. v. Star Electricity, L.L.C.*, 411 S.W.3d 42, 55 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). "The movant must establish that no material fact issue exists and that it is entitled to judgment as a matter of law." *Id.* (citing *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam)). "In reviewing the summary judgment, we must indulge every reasonable inference in favor of the non-movant and resolve any doubts in [her] favor." *Grace v. Titanium Electrode Prods., Inc.*, 227 S.W.3d 293, 297 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Rizkallah v. Conner*, 952 S.W.2d 580, 582 (Tex. App.—Houston [1st Dist.] 1997, no pet.)). "We consider all grounds on which the trial court ruled that are preserved for review and that are necessary for disposition of the appeal . . . ." *Id.* (citing *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996)).

"An appellant may raise an issue that generally contends that the trial court erred in rendering summary judgment, *see Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970), but the appellant must also 'present . . . arguments and supporting authority in order to merit reversal.'" *Chehab v. BBVA USA*, No. 01-20-00403-CV, 2021 WL 3160187, at *3 (Tex. App.—Houston [1st Dist.] July 27, 2001, no pet.) (mem. op.) (quoting *McCoy v. Rogers*, 240 S.W.3d 267, 272 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)). "In other words, '[e]rror is not preserved as to every ground on which summary judgment could be based simply by raising a general issue; the appellant must also support the issue with argument and authorities

4

challenging each ground.'" *Id.* (alteration in original) (quoting *Rollins v. Denton Cty.*, No. 02-14-00312-CV, 2015 WL 7817357, at \*2 (Tex. App.—Fort Worth Dec. 3, 2015, no pet.) (mem. op.); *see Klentzman v. Brady*, 312 S.W.3d 886, 899 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("Although we recognize that such a broad [*Malooly*] issue is authorized, an appellant must nevertheless also present argument and supporting authorities in support of that issue." (alteration in original) (footnote omitted) (citation omitted))).

## III. Lack of Preservation and Waiver

Hall presented a broad issue questioning whether the trial court erred by rendering summary judgment in favor of Houstonian, as authorized by *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). Having done so, Hall was required to go further to "challenge all possible grounds on which the trial court might have relied in rendering judgment." *McCoy v. Rogers*, 240 S.W.3d 267, 272 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Our sister court has held that "[t]he challenging party must also . . . present those arguments and supporting authority in order to merit reversal." *Id.*

Hall's brief wholly fails to challenge Houstonian's summary judgment claims based on promissory estoppel, negligent misrepresentation, and common-law fraud. That is, Hall "did not assign error to each basis on which [Houstonian] moved for summary judgment." *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). We are precluded from reversing a judgment for a reason not raised in a point of error. *See McCoy*, 240 S.W.3d at 272; *see* Tex. R. Civ. P. 166a(c). As a result of Hall's failure to assign error to the referenced issues in her brief, we may not consider them as a basis for reversal. *McCoy*, 240 S.W.3d at 271.

5

Moreover, Hall has waived or inadequately briefed the grounds for reversal mentioned in her brief. Regarding the declaratory judgment claim, Hall's brief states, "Declaratory Judgment is not a cause of action but instead is a remedy. Accordingly, Appellant hereby waives her right to argue this issue." As for the quiet title or trespass-to-try-title claim, Hall states that she has

> [p]rovided adequate evidence with Plaintiff's First Amended Petition . . . to prove each and every element of this cause of action: (a) Appellant Plaintiff has an interest in the specific real property which is the subject of this lawsuit; (b) title to the specific real property which is the subject of this lawsuit is affected by Appellee's claim that they own the same real property; and (c) Appellee's claim, while facially valid, is actually invalid or unenforceable.
>
> In particular, Appellant was the record owner of the property which is the subject of this lawsuit prior to the HOA's foreclosure sale. In addition, Appellee now claims that it has superior title to the same real property as a result of the HOA's foreclosure sale. Moreover, Appellee's superior ownership interest claim to the subject real property is unenforceable at this time because the legal issue as to whether or not Appellant had properly redeemed the subject property has not been fully adjudicated as of this date.

Finally, with respect to the intentional interference with a contractual relationship claim, Hall claims that she

> provided adequate evidence with Plaintiff's First Amended Petition . . . to prove each and every element of this cause of action: (a) Appellant had an existing lease to the subject property with Isabel Torres; (b) Appellee willfully and intentionally interfered with that contractual relationship by repeatedly harassing Isabel Torres and threatening her if she did not pay the rent, due to Appellant, directly to Appellee; (c) Appellee's misconduct was the proximate cause of Appellant's damages and (d) Appellee's misconduct caused Appellant's actual damages – the loss of rental income as a result of Torres being scared off by Appellee's misconduct and moving out of the subject property.

"[W]e may not grant relief unless the party asserting error provides argument and supporting authorities." *McCoy*, 240 S.W.3d at 272 (citing TEX. R. APP. P. 38.1(e), (h); *Maranatha Temple, Inc. v. Enter. Prods. Co.*, 893 S.W.2d 92, 106 (Tex. App.—Houston [1st

6

Dist.] 1994, writ denied)).  Where, as here, "an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to legal authorities, this Court does not have a duty to research the law that may support appellant's contentions or review the appellate record for facts to support those contentions to determine if there was error." *Tyurin v. Capital One, N.A.*, No. 01-16-00810-CV, 2018 WL 2925688, at *2 (Tex. App.—Houston [1st Dist.] June 12, 2018, no pet.) (per curiam) (mem. op.).  As a result, Hall's briefing presents nothing for our review.  *See* TEX. R. APP. P. 38.1(i); *Tyurin*, 2018 WL 2925688, at *2; *McCoy*, 240 S.W.3d at 272; *see also Stephens v. Dolcefino*, 126 S.W.3d 120, 129–30 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

## IV.    Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:      October 15, 2021
Date Decided:        October 29, 2021

7