Opinion issued June 13, 2023



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00651-CV

————————————

**DAWN URSIN, INDIVIDUALLY AND ON BEHALF OF JA'CARDO HAWKINS, Appellant**

**V.**

**BRAND ENERGY SOLUTIONS, INC., Appellee**

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-21353**

---

## MEMORANDUM OPINION

In this wrongful-death suit, appellant Dawn Ursin, individually and "on behalf of" her deceased son Ja'Cardo Hawkins (Ursin), challenges the summary judgment rendered in favor of appellee Brand Solutions, Inc. (Brand). In her sole appellate issue, Ursin contends that the trial court erred in granting Brand's no-evidence

motion for summary judgment. Because Ursin has not challenged all grounds on which the judgment was based, we affirm.

## Background

Brand hired Hawkins as an employee to help build scaffolding. On his first day of work, Hawkins collapsed at a jobsite. He was transported to a hospital where he was pronounced dead. The report for Hawkins's autopsy stated that the manner of Hawkins's death was "natural" and that the cause of his death was "hypertrophic cardiomyopathy with congestive heart failure." The report explained that hypertrophic cardiomyopathy "may be asymptomatic or may be complicated by cardiac arrhythmias and sudden death."

Brand was a subscriber to workers' compensation insurance, and Ursin—Hawkins's mother—applied for workers' compensation death benefits. The insurance carrier denied the claim. In its denial notice, the carrier explained that its "investigation show[ed] this was a cardiac incident and heart attacks and/or cardiac incidents are not compensable under Texas Labor Code" and that Hawkins's employment was "not a substantial contributing factor" in causing his heart attack.

Ursin then filed suit against Brand, citing the Texas Wrongful Death and Survival Statutes. In her original petition, Ursin asserted causes of action for negligence, gross negligence, and products liability. She claimed that Brand had "placed [Hawkins] on a scaffold without proper safety training or instruction" and

that Hawkins "was not properly secured in his safety harness while on the scaffold," allowing him to fall from the scaffolding. She sought actual and exemplary damages.

Brand filed a hybrid traditional and no-evidence motion for summary judgment. As evidence supporting its traditional motion, Brand offered Hawkins's autopsy report and Ursin's discovery responses. Brand argued that if Hawkins's death "was a result of his employment with Brand, then the workers' compensation benefits are his, and his mother's, exclusive remedy." Alternatively, Brand asserted that its summary-judgment evidence conclusively showed that Hawkins's death "was unrelated to his employment[] and was not a result of anything he did in the course and scope of his employment." To support its no-evidence motion for summary judgment, Brand asserted that Ursin could produce no evidence to prove each element of her causes of action.

Ursin responded but addressed only Brand's no-evidence motion for summary judgment. As summary-judgment evidence, Ursin attached the autopsy report and her own discovery responses.[1] Without adding argument to her response, Ursin later supplemented her evidence with her own deposition.

On March 22, 2022, the trial court signed an order granting Brand's summary judgment on Ursin's causes of action for negligence, gross negligence, and products

---

[1]     Brand objected to Ursin's reliance on her own discovery responses, but the record does not reflect that trial court ruled on the objection.

liability. The order did not indicate whether summary judgment was granted on traditional grounds, no-evidence grounds, or both. The court also permitted Ursin to amend her petition to include a "cause of action under the Wrongful Death statute to incorporate a cause of action for an intentional tort." *See Mo-Vac Serv. Co. v. Escobedo*, 603 S.W.3d 119, 124–25, 130 (Tex. 2020) (discussing intentional-tort exception to exclusive remedy of workers' compensation).

Ursin filed an amended petition. She alleged that, "as a direct and proximate result of the intentional act of [Brand] at the time and place of the subject incident . . . ., Mr. Hawkins sustained injuries and damages which ultimately resulted in his painful and agonizing death." She alleged that Hawkins's death "was substantially certain to occur due to [Brand's] conduct." She also continued to allege gross negligence to support her claim for exemplary damages.

Brand filed an amended hybrid traditional and no-evidence motion for summary judgment to address the newly added intentional-tort claim. Brand asserted that Ursin could produce no-evidence for each element necessary to prove the intentional-tort exception. Brand's summary-judgment evidence included the autopsy report along with witness statements and Brand's report from its own investigation showing that Hawkins was on the ground, not on scaffolding, when he collapsed. Brand asserted that its evidence conclusively showed that it had not acted

4

intentionally to harm Hawkins and that Hawkins died from natural causes, not from a work-related injury.

Ursin's two-page response indicated that Ursin was responding to Brand's no-evidence motion for summary judgment but made no reference to Brand's traditional motion. Ursin attached only one exhibit, her safety expert's report. Without discussion of the report's content, Ursin claimed that the expert report showed "the existence of a material fact." At a hearing on the motions, Ursin, for the first time, cited her own previously-filed deposition and the deposition of a Brand employee. While Ursin's deposition appears in the record, the employee's deposition does not.[2]

On August 9, 2022, the trial court signed an order expressly granting both the amended traditional and no-evidence motions for summary judgment without identifying the specific bases for the granting motions.[3] This appeal followed.

**Affirming Summary Judgment Based on Unchallenged Grounds**

To obtain reversal on appeal, an appellant must challenge all possible grounds on which a summary judgment could have been granted, whether properly or

---

[2] We note that Ursin has attached the employee's deposition transcript to her brief and refers to it throughout her briefing. However, the transcript does not appear in the appellate record. Because we may not consider attachments not in the record, we do not consider the attached transcript. *See Holland v. Mem'l Hermann Health Sys.*, No. 01-14-00283-CV, 2015 WL 7455328, at *3 (Tex. App.—Houston [1st Dist.] Nov. 24, 2015, no pet.) (mem. op.).

[3] The August 9 order stated that "all claims and causes of action" brought by Ursin against Brand were dismissed with prejudice. Because the order disposed of all claims and parties, the order is the final judgment in this case.

improperly. *See McCoy v. Rogers*, 240 S.W.3d 267, 271 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *see also Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex. 1990) (proscribing reversal of summary judgment without properly assigned error). If an appellant fails to challenge all grounds on which the judgment may have been granted, the appellate court must uphold the summary judgment. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied); *see also Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.). ("[I]f an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then (1) we must accept the validity of that unchallenged independent ground . . . and thus (2) any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment.").

Consistent with this principle, when a defendant moves for both traditional and no-evidence summary judgment, and the plaintiff fails to challenge both the traditional and no-evidence grounds on appeal, an appellate court must affirm. *See Means v. Prop. Mgmt. Contractors, LLC*, No. 01-21-00415-CV, 2023 WL 138620, at *9 (Tex. App.—Houston [1st Dist.] Jan. 10, 2023, no pet.) (mem. op.) (affirming summary judgment because appellants challenged only no-evidence grounds and failed to challenge traditional grounds for summary judgment when judgment may

6

have been based on grant of either motion); *see also Pounders v. Timely Prop. Sols., L.L.C.*, No. 02-22-00395-CV, 2023 WL 3114314, at *3 (Tex. App.—Fort Worth Apr. 27, 2023, no pet. h.) (upholding summary judgment because appellant raised issues challenging grant of traditional motion for summary judgment but failed to challenge grant of no-evidence motion) (mem. op.); *Hearn v. Snapka*, No. 13-11-00332-CV, 2012 WL 7283791, at *10 (Tex. App.—Corpus Christi Dec. 28, 2012, pet. denied) (mem. op.) (affirming summary judgment because appellant challenged no-evidence grounds on appeal but failed to challenge traditional grounds supporting trial court's summary judgment).

A case similar to the instant case is *Munguia v. Justrod*, No. 14-18-01059-CV, 2021 WL 282569 (Tex. App.—Houston [14th Dist.] Jan. 28, 2021, pet. denied). There, like here, the trial court expressly granted both the appellee's no-evidence and traditional motions for summary judgment. *Id.* at *1. On appeal, the appellant raised four issues, "each of which expressly challenge[d] only the trial court's grant of no evidence summary judgment," and "[n]one of [the appellant's] issues challenge[d] the trial court's grant of traditional summary judgment." *Id.* Because the appellant failed to address the grounds raised in the appellee's traditional motion for summary judgment, the court of appeals held that it "must affirm the trial court's judgment." *Id.* at *2.

Here, Ursin raises only one issue on appeal. Like the appellant in *Munguia*, Ursin's issue and supporting argument expressly challenges only the trial court's grant of Brand's amended no-evidence motion for summary judgment. *See id.* Ursin's issue does not challenge the trial court's grant of Brand's amended traditional motion for summary judgment, which provided separate grounds to support the judgment. *See id.* We note that Brand specifically highlighted the omission in its brief and pointed out that the judgment could be affirmed on this basis alone, but Ursin did not file a reply brief to address the omission. *See id.* at *1.

Even construing her briefing liberally, Ursin's arguments challenging the grant of the amended no-evidence summary judgment do not challenge the grounds, arguments, and evidence Brand raised to support its amended traditional motion for summary judgment.[4] *See id.* at *2. Accordingly, like the *Munguia* court, we must

---

[4] We also note that, instead of citations to the clerk's record, Ursin refers not only to the employee's deposition transcript that is not in the record, but also to other documents attached to her brief that are purportedly in the record. Although the Rules of Appellate Procedure require an appendix in civil cases, the rules also require citations to the record. *Compare* TEX. R. APP. P. 38.1(d), (g), (i) *with* TEX. R. APP. P. 38.1(k). "An appendix is not a substitute for a clerk's record nor are citations to the appendix a substitute for citations to the record." *Yoonessi v. D'Arcy*, No. 05-07-00689-CV, 2008 WL 4981631, at *1 (Tex. App.—Dallas Nov. 25, 2008, pet. denied) (mem. op.) This Court has no duty to cross-reference the documents attached to Ursin's brief with the 400-page clerk's record. *See Nevarez as Tr. of 1010 S. Oregon Family Tr. v. City of El Paso*, No. 08-22-00061-CV, 2023 WL 3325197, at *8 n.12 (Tex. App.—El Paso May 9, 2023, no pet. h.). Nor does the Court have the duty to verify that the attached documents are the same documents contained in the official record.

affirm the trial court's judgment.[5] *Id.*; *see Pounders*, 2023 WL 3114314, at *3; *Means*, 2023 WL 138620, at *9; *Hearn*, 2012 WL 7283791, at *10.

We overrule Ursin's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Richard Hightower
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.

---

[5]   To the extent that Ursin's sole issue can be read to also challenge the March 22, 2022 order granting summary judgment on Ursin's gross-negligence claim, that challenge would also fail because Ursin has not challenged the traditional motion for summary judgment ground on which that order may have been based. *See Means v. Prop. Mgmt. Contractors, LLC*, No. 01-21-00415-CV, 2023 WL 138620, at *9 (Tex. App.—Houston [1st Dist.] Jan. 10, 2023, no pet.); *see also Pounders v. Timely Prop. Sols., L.L.C.*, No. 02-22-00395-CV, 2023 WL 3114314, at *2 (Tex. App.—Fort Worth Apr. 27, 2023, no pet. h.) (mem. op.); *Hearn v. Snapka, No.* 13-11-00332-CV, 2012 WL 7283791, at *9–10 (Tex. App.—Corpus Christi Dec. 28, 2012, pet. denied) (mem. op.).